IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT FLETCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | 7:06CV5001 |
| | ) | |
| **DENNIS GRIFFITHS, in his individual capacity,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the magistrate judge on the motion [53] of former defendant, Eric Scott, to quash a subpoena served by the plaintiff on or about May 1, 2007. On February 28, 2007, Chief Judge Bataillon filed an order dismissing all of plaintiff's claims except for a sole claim against Nebraska State Trooper Dennis Griffiths, in his individual capacity, based on Griffiths' alleged alteration of a videotape in an effort to destroy evidence.[1] All of plaintiff's claims against Cherry County Attorney Eric Scott were dismissed.

The subpoena in question (*see* Filing [52]) commands Mr. Scott to bring to his deposition on May 14, 2007, the following documents or objects:

> Any, & all report(s), letter(s), photograph(s), video(s), &/or any type of notes, or correspondence(s) concerning Robert Fletcher, &/or Alice Fletcher. Specifically; any, & all report(s), letter(s), photograph(s), video(s), &/or any type of notes, or correspondence(s) concerning Robert Fletcher, &/or Alice Fletcher; you have discussed/shared with any other government actor; including, but not limited to: David Streich, Dennis Griffiths, &/or, any law enforcement agency, Nebraska Social Services, &/or, any individual who works for, or is connected to any law enforcement

---

[1] Plaintiff contends that, on January 12, 2004, Trooper Griffiths detained him for a traffic violation, issued a speeding ticket, arrested the plaintiff when he refused to sign the ticket, seized and confiscated a firearm in the plaintiff's possession, and arranged to have the plaintiff's vehicle towed. Thereafter, Griffiths allegedly altered the videotape of the incident to destroy evidence. The plaintiff also alleged that Griffiths and Scott somehow conspired against him in violation of his civil rights. The "conspiracy" claim was dismissed.

>agency &/or, a Social Services agency. Specifically; any, & all report(s), letter(s), photograph(s), video(s), &/or any type of notes, or correspondence(s) concerning the Court ordered return of Robert Fletcher's 25 caliber Berretta; with any of the aforelisted individuals/organizations. Specifically; any, & all report(s), letter(s), photograph(s), video(s) &/or any type of notes, or correspondence(s) concerning Robert Fletcher; between yourself, & Defendant Dennis Griffiths.

Mr. Scott objects to producing these materials on grounds of relevance, vagueness and overbreadth. Scott also contends the subpoena seeks to compel the production of confidential and privileged materials.

"Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1).[2]  However, the court may issue a protective order to prevent discovery where 'justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.' Fed. R. Civ. P. 26(c)." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (footnote added).

Judge Bataillon previously held that this case will proceed against Trooper Griffiths, in his individual capacity, on the sole claim that Griffiths altered evidence of the January 12, 2004 incident. There are no other claims pending in this action, and the plaintiff may not demand discovery of any document, item, or information that falls outside the very narrow scope of his single remaining claim.

---

[2] Rule 26(b)(1), which sets scope of discovery in federal civil actions, provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence...."

The court agrees with Mr. Scott that the documents and items designated in plaintiff's subpoena are not relevant to the claim based on Trooper Griffiths' alleged alteration of a videotape. Nor does the requested information appear reasonably calculated to lead to the discovery of admissible evidence. The court further agrees that the subpoena is vague and overbroad as to the discovery requested.

Finally, the court finds that Mr. Scott's objections based on Neb. Rev. Stat. § 28-725 should be sustained.

In this instance, justice requires that a protective order be issued to protect Mr. Scott "from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). Plaintiff is cautioned that discovery requests of this nature may be deemed frivolous and improper, and serving such requests in the future may lead to the imposition of sanctions against him.

For these reasons,

**IT IS ORDERED** that the Motion for Protective Order and to Quash Subpoena filed by former defendant, Eric Scott, is granted. Eric Scott is hereby excused from producing the materials designated in plaintiff's subpoena at his deposition, now set for May 14, 2007.

**DATED May 10, 2007.**

            **BY THE COURT:**

            **s/ F.A. Gossett**
            **United States Magistrate Judge**