IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 7:06CV5001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS GRIFFITHS, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on four pending motions filed by Plaintiff Robert Fletcher ("Fletcher"). (Filing Nos. 47, 51, 64, and 69.) Also before the court are three motions and objections filed by Defendant Dennis Griffiths ("Griffiths"), including a Motion for Summary Judgment. (Filing Nos. 66, 71 and 75.)

## I.   PLAINTIFF'S DISCOVERY MOTIONS

Fletcher filed a Motion/Demand for Discovery (filing no. 47), a Motion for Notice of Depositions (filing no. 51) and a Motion for Reconsideration (filing no. 64.) All of these motions relate to obtaining certain discovery and to the court's previous orders regarding discovery.

On July 20, 2007, the court ruled on several discovery motions and determined that some of Plaintiff's requested discovery was permissible, but that some was prohibited. (Filing No. 63.) It appears from the record that Plaintiff has received all of the discovery he requested, and to which he was entitled, within the parameters of the court's July 20, 2007 Order. Further, the court has carefully reviewed the record and Plaintiff's motions and finds no good cause for reconsideration of its previous orders regarding discovery. Plaintiff's Motion/Demand for Discovery, Motion for Notice of Depositions, and Motion for Reconsideration are therefore denied.

## II. MOTION FOR EXTENSION OF TIME

Also pending before the court is Plaintiff's Motion for Extension of Time (filing no. 69) which seeks additional time in which to respond to Defendant's Motion for Summary Judgment. Defendant filed an Objection to the Motion for Extension of Time. (Filing No. 71.)

In his Motion, Plaintiff seeks additional time to respond to Defendant's Motion for Summary Judgment because he was having difficulty contacting certain witnesses for depositions. (Filing No. 69 at CM/ECF p. 1.) Defendant objected to the extension of time because Plaintiff has "misstated the facts" regarding his difficulties in contacting witnesses. (Filing No. 71 at CM/ECF pp. 1-2.) Regardless of the reason for Plaintiff's difficulties and delay, it appears that Plaintiff was able to contact and depose those witnesses and then prepare a response to Defendant's Motion for Summary Judgment. The court therefore grants Plaintiff's Motion for Extension of Time and Plaintiff's Amended Response to Defendant's Motion for Summary Judgment is deemed timely filed.

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Background

Fletcher filed his Complaint in this matter on January 12, 2006. (Filing No. 1.) Plaintiff was thereafter granted leave to file an Amended Complaint, which is the operative complaint in this matter. (*See* Filing Nos. 29 and 30.) Defendants filed several Motions to Dismiss, which the court addressed in its February 28, 2007 Memorandum and Order. (Filing No. 46.) In that Order, the court granted Defendants' Motions to Dismiss nearly in their entirety, leaving only one claim against one Defendant–a single claim against Griffiths in his individual capacity alleging that he altered evidence. (*Id.* at CM/ECF pp. 10-11, 14-15.)

Griffiths filed a Motion for Summary Judgment on August 22, 2007. (Filing No. 66.) Along with his Motion, Defendant filed a Brief in Support, Index of Evidence, and Reply Brief with Exhibits.[1] (Filing Nos. 67, 68 and 75.) Plaintiff filed a Response and an Amended Response to Defendant's Motion for Summary Judgment. (Filing Nos. 70 and 74.) In support of his Amended Response, Plaintiff filed one Exhibit, the deposition of Bruce Papstein. (Filing No. 74, Attach. 1.)

The Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit." NECivR 7.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.").

Additionally, the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced

---

[1]Although Defendant styled his Reply Brief as an Objection to Plaintiff's Amended Response, the court has permitted the filing of the Amended Response and therefore construes Defendant's Objection as a Reply in Support of his Motion for Summary Judgment. To the extent the Objection requires action by the court, it is denied.

material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

The court has carefully reviewed the documents submitted by both parties. While Defendant submitted a statement of material facts in accordance with the court's rules, Fletcher has not. Further, Defendants submitted evidence which was properly authenticated by affidavit or through sworn deposition testimony. Although Fletcher submitted two opposition briefs, he submitted no authenticated evidence, even when the record in this matter is construed liberally. However, the court will nevertheless consider the deposition submitted by Plaintiff, as it was also submitted by Defendant and is therefore undisputed. In light of this, the court adopts the following undisputed material facts.

### B.     Relevant Undisputed Facts

1. Defendant Griffiths is a Trooper with the Nebraska State Patrol. (Filing No. 68, Attach. 3, at CM/ECF p. 1.)

2. On January 12, 2004, Griffiths was working and "clocked a pickup truck" driving 77 miles per hour in a 65 mile per hour zone. The truck was distinguishable because it had an appliance in the bed of the pickup truck. (*Id.*)

3. Griffiths turned around and followed the truck until it pulled off the road at a local cafe. The driver of the truck was Fletcher. (*Id.*)

4. Griffiths prepared a citation for Fletcher and Fletcher requested to view the speed as reflected on the radar. (*Id.* at CM/ECF pp. 1-2.)

5. Griffiths advised Fletcher that, pursuant to state statute and his "standard protocol," Fletcher could not see the radar until after he signed the citation. Fletcher

refused to sign the citation and was arrested. (*Id.* at CM/ECF p. 2; Attach. 4, at CM/ECF pp. 12, 13 and 30.)

6. Griffiths was patrolling in a Nebraska State Patrol-owned Camaro which was equipped with video equipment. This equipment recorded automatically when the lights in the Camaro were activated. (*Id.*, Attach. 2, at CM/ECF p. 1; Attach. 3, at CM/ECF p. 1.)

7. The automatic video equipment recorded a portion of Fletcher's January 12, 2004 arrest, although not all of the arrest was recorded. (*Id.*, Attach. 3, at CM/ECF pp. 2-3; Attach. 1, at CM/ECF p. 1.)

8. Fletcher was convicted of speeding after a bench trial. At the bench trial, the video of the January 12, 2004 was not entered into evidence by the prosecution. (*Id.*, Attach. 4, at CM/ECF p. 28-31, 48; Attach. 3, at CM/ECF p. 3.)

9. Griffiths never altered the January 12, 2004 videotape of Fletcher's arrest. (*Id.*, Attach. 3, at CM/ECF pp. 2-3; Attach. 4, at CM/ECF pp. 31, 34-35.)

10. Griffiths reports to Sergeant Bruce Papstein. As a result of a complaint, Papstein investigated the stop and arrest of Fletcher made by Griffiths and found that "there was nothing improper with the traffic stops and the tape had not been altered." (*Id.*, Attach. 1, at CM/ECF p. 2.)

11. Ron Lehms, Electronics Section Supervisor for the Radio Engineering Division of the Nebraska State Patrol believes that any irregularities in the January 12, 2004 videotape of Fletcher's arrest resulted from issues with "shielding, grounding and inadequate power supply unique to the Cameros." (*Id.*, Attach. 2, at CM/ECF p. 2.)

12. Mr. Lehms also believes that "from the description given . . . of the traffic stop by Trooper Griffiths, it is possible that the fact the traffic stop on Trooper Griffith's tape is not continuous but rather is separated by other stops was a result of the above described problem or some other malfunction of the video recording system." (*Id.*)

13. Griffiths has never tried to record over an arrest tape. (*Id.*, Attach. 3, at CM/ECF p. 3.)

14. Griffiths did not take the tape out of the camera/recorder and in fact does not know how to alter a tape. Griffiths does not have any equipment which would enable him to alter a videotape such as the January 12, 2004 arrest videotape. (*Id.*)

**C.** **Analysis**

1. Standard of Review

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or

6

fantasy.' " *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### 2. Qualified Immunity

As set forth in the court's February 28, 2007 Memorandum and Order, the only claim remaining in this case is a claim for damages against Griffiths in his individual capacity for alteration of the January 12, 2004 arrest videotape. (Filing No. 46 at CM/ECF pp. 10-11.) The court noted that, while dismissal was not warranted based on the pleadings, summary judgment based on qualified immunity may be appropriate after the factual record was developed. (*Id.* at CM/ECF p. 10.)

Griffiths has now submitted a Motion for Summary Judgment, renewing his request for qualified immunity.[2] (Filing No. 67 at CM/ECF pp. 8-9.) As set forth in the court's previous order, qualified immunity is a question of law to be determined by the court and should ordinarily be decided long before trial. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Domina v. Van Pelt*, 235 F.3d 1091, 1096 (8th Cir. 2000), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed . . . . The qualified immunity standard gives ample room for

---

[2]In his Motion, Defendant asserts arguments other than qualified immunity to support his request for summary judgment. However, because of its findings on qualified immunity, the court need not address those additional arguments.

mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Smithson v. Aldrich*, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

The first task of a "court evaluating a claim of qualified immunity" is to "determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all . . . ." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Here, it is undisputed that Griffiths made a traffic stop of Fletcher on January 12, 2004 which resulted in Fletcher's arrest and conviction. (Filing No. 68, Attach. 3, at CM/ECF p. 2; Attach. 4, at CM/ECF pp. 12, 13, 30 and 48.) It is also undisputed that at least a portion of this traffic stop and arrest was recorded but that a portion of it was not. Griffiths testified at a bench trial and submitted a sworn affidavit that he did not alter the videotape of the January 12, 2004 arrest, nor that he even knew how to accomplish such a task. (*Id.*, Attach. 3, at CM/ECF p. 2-3; Attach. 4, at CM/ECF pp. 31, 34-35.)

Plaintiff has submitted no evidence that the videotape was actually altered or that if it was altered, that Griffiths was the individual who altered it. At most, Plaintiff submitted his own unsworn arguments and statements. However, these statements are not evidence and amount only to speculation and conjecture. Therefore, because the undisputed evidence shows that the conduct underlying Plaintiff's remaining claim did not occur, Plaintiff has suffered no constitutional injury. Defendant engaged in a traffic stop and arrest. Such conduct did not violate a clearly established right and Griffiths is therefore entitled to qualified immunity.[3]

IT IS THEREFORE ORDERED that:

---

[3]Additionally, even if Plaintiff had evidence that Griffiths altered the January 12, 2004 videotape of his arrest, Plaintiff has suffered no injury. Fletcher was convicted of speeding, but the videotape was not used to secure that conviction. In fact, the prosecution did not even enter the videotape into evidence and the only mention and/or introduction came as a result of Plaintiff himself showing the videotape at trial. (*See* Filing No. 68, Attach. 4.)

1. Defendant's Motion for Summary Judgment (filing no. 66) is granted and the remaining claim against Defendant in his individual capacity is dismissed with prejudice.

2. Defendant's Objection to Plaintiff's Amended Response (filing no. 75) is denied. The court construes Defendant's Objection as a Reply Brief.

3. Plaintiff's Motion for Extension of Time (filing no 69) is granted. Defendant's Objection to Plaintiff's Motion for Extension of Time (filing no. 71) is denied. Plaintiff's Amended Response to Defendant's Motion for Summary Judgment (filing no. 74) is deemed timely filed.

4. Plaintiff's Motion/Demand for Discovery (filing no. 47), Motion for Notice of Depositions (filing no. 51) and Motion for Reconsideration (filing no. 64) are denied.

5. A separate judgment will be entered in accordance with this Memorandum and Order.

February 25, 2008.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge