IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT FLETCHER, | ) | 7:06CV5001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS GRIFFITHS, in his | ) | |
| individual capacity, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant's Motions to Dismiss Plaintiff's Appeal. (Filing Nos. 79 and 80.) In their Motions, Defendants argue that Plaintiff's Notice of Appeal was not timely filed and does not comply with Federal Rule of Appellate Procedure 3(c)(1)(B). (*Id.*)

The court dismissed Plaintiff's remaining claims in this matter on February 25, 2008. (Filing No. 76.) On that same date, the court entered Judgment against Plaintiff on all claims. (Filing No. 77.) On March 28, 2008, Plaintiff filed his Notice of Appeal. (Filing No. 78.) Therefore, 32 days elapsed between the court's Judgment and the filing of Plaintiff's Notice of Appeal.

Federal Rule of Appellate Procedure 4 ("Rule 4") governs the time in which a notice of appeal must be filed. As set forth in Rule 4, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(1)(1)(A). This time limit is mandatory and jurisdictional, and failure to file a timely notice of appeal deprives an appellate court of jurisdiction. *See, e.g., Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462-64 (8th Cir. 2000) (citations omitted). However, Rule 4 permits an extension of time in which to file an appeal if (1) such extension is requested within the "extension period," i.e., within 30 days after expiration of the appeal deadline; and (2) regardless

of the "extension period," the appellant shows excusable neglect or good cause for the delayed filing of the appeal. Fed. R. App. P. 4(a)(5)(A).

In this matter, Plaintiff did not seek an extension of the time in which to file a notice of appeal within the "extension period." Regardless, an extension under Rule 4 would still be appropriate, provided that the requisite showing of excusable neglect or good cause has been made. The Eighth Circuit has clarified "excusable neglect" as follows:

> [T]he determination ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. ... [T]hose circumstances ... include the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Lowry*, 211 F.3d at 462 (citation and quotation omitted).

While Plaintiff may be able to show excusable neglect or good cause for filing his Notice of Appeal two days late, Plaintiff did not respond to Defendants' Motions to Dismiss. Indeed, Plaintiff has never attempted to explain his failure to timely file his Notice of Appeal and therefore has not shown excusable neglect or good cause. The court does not have discretion to extend the time for filing a notice of appeal absent a showing by the party seeking to appeal. Fed. R. App. P. 26(b) ("[T]he court may not extend the time to file [] a notice of appeal (except as authorized in Rule 4). . . .") As such, Plaintiff's Notice of Appeal is untimely and his appeal must be dismissed.

IT IS THEREFORE ORDERED that:

1. Defendants' Motions to Dismiss Plaintiff's Appeal (filing nos. 79 and 80) are granted.

2. The Clerk of the court shall not process the appeal to the Court of Appeals.

3. The Clerk of the court is directed to forward a copy of this Memorandum and Order to the parties.

April 29, 2008.                    BY THE COURT:


                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge